UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES ARTHUR MATTHEWS, #251604,

        Petitioner,

v.
                                    CASE NO. 2:21-CV-11493
                                    HON. DENISE PAGE HOOD

MIKE BROWN,

        Respondent.
_____/

**OPINION AND ORDER OF SUMMARY DISMISSAL**

I.

Michigan prisoner James Arthur Matthews ("Petitioner"), currently confined at the Kinross Correctional Facility in Kincheloe, Michigan, has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner was convicted of second-degree murder pursuant to a plea in the Wayne County Circuit Court and was sentenced to 30 to 50 years imprisonment in 2012. *See* Petitioner's Offender Profile, Michigan Department of Corrections Offender Tracking Information System ("OTIS"), http://mdocweb.state.mi.us/otis2profile.aspx?mdocNumber=251604.

On his form petition, Petitioner seeks release from custody and to be cleared of all charges, but he does not list his habeas claims nor indicate that he has exhausted

any potential claims in the state courts. ECF No. 1, PageId.1-14. Instead, he attaches several documents full of legal jargon essentially challenging the state court's jurisdiction and seeking to vacate his criminal judgment. ECF No. 1, PageID.15-76.

II.

Promptly after the filing of a habeas petition, a federal court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases; *see also* 28 U.S.C. § 2243 (directing courts to grant the writ or order the respondent to answer "unless it appears from the application that the applicant or person detained is not entitled thereto"); *Perez v. Hemingway*, 157 F. Supp. 2d 790, 796 (E.D. Mich. 2001) (discussing authority of federal courts to summarily dismiss § 2241 petitions). If the court determines that the petitioner is not entitled to relief, the court must summarily dismiss the petition. *See McFarland v. Scott*, 512 U.S. 849, 856 (1994) ("Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face"); *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 applies to petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*,

178 F.3d 434, 436-37 (6th Cir. 1999). A petition may also be summarily dismissed where the allegations are so "vague (or) conclusory" that they do not "point to a real possibility of constitutional error." *Blackledge v. Allison*, 431 U.S. 63, 76 n.7 (1977) (internal citations omitted).

Pleadings filed by prisoners who are unrepresented by legal counsel are liberally construed. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). Nonetheless, even a pro se prisoner's habeas petition must set forth a claim upon which federal habeas relief may be granted. *See* Fed. R. Civ. P. 8 (providing that a complaint must set forth "a short and plain statement of the claim showing that the pleader is entitled to relief"); *see also* Rule 2(c) and (d) of the Rules Governing Section 2254 Cases (providing that an application for writ of habeas corpus shall be in the form of a petition which specifies each ground for relief). "[A] claim for relief in habeas corpus must include reference to a specific federal constitutional guarantee, as well as a statement of the facts which entitle the Petitioner to relief." *Gray v. Netherland*, 518 U.S. 152, 162-63 (1996) (internal citations omitted); *see also Perez*, 157 F. Supp. 2d at 796 (a habeas petition "must set forth facts that give rise to a cause of action under federal law or it may summarily be dismissed.").

Petitioner fails to meet such pleading standards. His habeas petition and supporting documents do not clearly set forth his habeas claims, nor do they provide

clear factual allegations or an arguable legal basis for habeas relief. Rather, his documents are full of legal terms and language, most of which are inapplicable to state criminal prosecutions and federal habeas review. Such a conclusory petition fails to comply with the federal rules governing civil procedure and habeas cases. Conclusory allegations are insufficient to warrant federal habeas relief. *See, e.g., Cross v. Stovall*, 238 F. App'x 32, 39-40 (6th Cir. 2007); *Workman v. Bell*, 178 F.3d 759, 771 (6th Cir. 1998); *see also Washington v. Renico*, 455 F.3d 722, 733 (6th Cir. 2006) (bald assertions and conclusory allegations are insufficient to warrant an evidentiary hearing on habeas review).[1]

Additionally, it is well-settled that a state prisoner filing a petition for a writ of

---

[1] The Court notes that to the extent that Petitioner raises state court jurisdictional defects as a basis for relief, he fails to state a viable habeas claim. The determination of whether a particular state court is vested with jurisdiction under state law and is the proper venue to hear a criminal case is a "function of the state courts, not the federal judiciary." *Wills v. Egeler*, 532 F.2d 1058, 1059 (6th Cir. 1976); *see also Hamby-Bey v. Bergh*, No. 08-CV-13284, 2008 WL 3286227, *2 (E.D. Mich. Aug. 7, 2008); *Chandler v. Curtis*, No. 05-CV-72608-DT, 2005 WL 1640083, *2 (E.D. Mich. July 13, 2005); *Groke v. Trombley*, No. 01-CV-10045-BC, 2003 WL 1798109, *5 (E.D. Mich. April 1, 2003); *accord Wright v. Angelone*, 151 F.3d 151, 157-58 (4th Cir. 1998); *Rhode v. Olk-Long*, 84 F.3d 284, 287 (8th Cir. 1996). A perceived violation of state law does not provide a basis for federal habeas relief. *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). A state court's interpretation of state jurisdictional issues conclusively establishes jurisdiction for purposes of federal habeas review. *Strunk v. Martin*, 27 F. App'x 473, 475, 2001 WL 1450740, *2 (6th Cir. 2001). Petitioner thus fails to state a claim upon which habeas relief may be granted as to such jurisdictional challenges.

habeas corpus under 28 U.S.C. § 2254 must first exhaust available state court remedies. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) ("state prisoners must give the state courts one full fair opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process"); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). The claims must be "fairly presented" to the state courts, meaning that the petitioner must have asserted both the factual and legal bases for the claims in the state courts. *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000); *see also Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006) (citing *McMeans*). The claims must also be raised in the state courts as federal constitutional issues. *Koontz v. Glossa*, 731 F.2d 365, 368 (6th Cir. 1984). A Michigan prisoner must raise each issue he or she seeks to present in a federal habeas proceeding to both the Michigan Court of Appeals and the Michigan Supreme Court to satisfy the exhaustion requirement. *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990); *Welch v. Burke*, 49 F. Supp. 2d 992, 998 (E.D. Mich. 1999). The burden is on the petitioner to prove exhaustion. *Rust*, 17 F.3d at 160.

Petitioner neither alleges nor establishes that he has fully exhausted available state court remedies as to his potential habeas claims before seeking review in federal court. Moreover, the Court's own online research indicates that Petitioner has not pursued a direct appeal or collateral review of his conviction and sentence in the state

courts. His habeas petition is thus subject to summary dismissal.[2]

### III.

For the reasons stated, the Court concludes that Petitioner fails to satisfy the pleading standards applicable to federal habeas cases and that Petitioner fails to show that he exhausted available state court remedies as to any potential habeas claims. Accordingly, the Court **DISMISSES WITHOUT PREJUDICE** the petition for a writ of habeas corpus.

Before Petitioner may appeal, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue only if a habeas petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a court denies relief on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the court's assessment of the constitutional claim debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). When a court denies relief on procedural grounds, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find

---

[2] The Court also notes that the habeas petition appears to be untimely under the one-year statute of limitations applicable to federal habeas actions. *See* 28 U.S.C. § 2244(d).

it debatable whether the court was correct in its procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). Petitioner makes no such showing. Accordingly, the Court **DENIES** a certificate of appealability.

Lastly, the Court concludes that appeal from this decision cannot be taken in good faith. *See* Fed. R. App. P. 24(a). Accordingly, the Court **DENIES** Petitioner leave to proceed in forma pauperis on appeal. This case is **CLOSED**. No further pleadings should be filed in this matter.

    **IT IS SO ORDERED.**

                                                      s/Denise Page Hood
                                                      DENISE PAGE HOOD
                                                      UNITED STATES DISTRICT JUDGE

Dated: March 29, 2022